## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DWYER, DAN TIBBS,                )
BRATHEL MCNEIL, DARRELL PULLIAM,         )
RODNEY ENGLAND, PURVIS                   )
SMALLWOOD, ANDRE FLOWERS,                )   CASE NO. 3:16-cv-697
RONALD BOWARE, LOUIS                     )
UNDERWOOD, LEROY MOORE, VERNON           )   JURY TRIAL DEMANDED
JONES, ALFRED CRITTENDEN, DAVID          )
RODRIGUES, ALVIN BOWLING, CURTIS         )
LARK, DAVID COOK, PATRICK BARRIS,        )
BARRY MANNS, RONALD MOORER,              )
DONALD RANDOLPH, ANTHONY                 )
WILLIAMS, MANSION CLARK, STOVAR          )
MAJORS, MICHAEL CALLOWAY,                )
ULYSEES GREEN, JESTER CHILDS,            )
EDWARD DAWSON, RODNEY                    )
KENNEDY, ANDRE DUDEK, ALFIE              )
MANOR, EARNEST JONES, JERRY              )
HILDEBRANDT, JR., WILLIAM MARION,        )
HUBERT MCGEE, BERNARD MORGAN,            )
PHILLIP AGEE, MICHAEL WILLIAMS,          )
WILLIE DREW, JAMES ANDERSON,             )
ANTONIO MYERS, WILLIAM MOORE,            )
ALFRED BLANTON, MICHAEL RIOS,            )
CHRISTOPHER CONDOLL, GARY                )
JOHNSON, RALPH MCNEIL, ROME              )
BRADFORD, RONALD BROYARD,                )
ELTON STINE, MICHAEL LIVOUS, JERRY       )
MCCLOUD, DENNIS FAULKNER, BOBBY          )
EDWARDS, ANTHONY GARCIA, JOHN            )
KENNEDY, PATRICK SAILAS, PETER           )
PEREZ, VERNON MONTGOMERY,                )
TIMOTHY HALL, DAROLD JOHNSON,            )
RAYMOND WILLIAMS, RONALD                 )
SIMPSON, LEROY WARREN, WILLIAM           )
SIMON, JERMAINE BLACK, AURELIO           )
BOUTIN, JAMIE COGGINS, DERRICK           )
BROWN, FIDEL JONES, JEROME SCOTT,        )
ALDWYNEE DYER, DELBERT                   )
TOMLINSON, REGINALD BOWIE,               )
MARVIN DILLARD, EARL TREADWAY,           )
EMILE CLINE, LOUIS DANIELS, DANIEL       )
FONSECA, BARRY JAMES, ROBERT             )

1

WHITE, HEZEKIAH LADSON, WILLIE          )
PIECE, RODNEY HAWKINS, ALLEN            )
KORNEGAY, ARTHUR GOLDEN,                )
EARNEST JONES, LOUIS SLORES,            )
WILLIAM ELLIS, RONALD PENNY, RICK       )
BAKER, LEON JACKSON, ARTHUR             )
JOHNSON, CHARLES CRAYTON, TOMUR         )
BARNES, LARRY HAYDEN, RONALD            )
HAWKINS, MILTON SMITH, STEVE            )
LUTTRELL, JOHN WILSON, REGGIE           )
WILSON, CHRIS HARMS, LOUIE              )
GONZALES, TERENCE AVERY, GORDON         )
WOLFORD, ROBERT HACKETT, JAMES          )
H. SMITH, SR., JEFF SMITH, MARK         )
MAXSON, BRUCE ALBRIGHT, JOBE            )
SALTER, MICHAEL SCANDRICK,              )
ROBERT L. SMITH, JR., DAVID WILHITE,    )
DAVID GIPSON, MANUEL GOMEZ,             )
PATRICK ANTEE, ANDY ADAMS,              )
LARRY GARNER, WILLIE CROOK, JON         )
ROGERS, LEON BURROUGHS, ANTONIO         )
HINSON, ARNOLD HANNON, ANTHONY          )
ROBINSON, HARLEY HAYNES, COREY          )
MCWHORTER, DONALD WADE, JOE             )
TORRILLO, RODNEY WASHINGTON,            )
ROBERT WHITE, DAVID E. WILLIAMS,        )
DENNIS WILKERSON, RODNEY WILSON,        )
LEROY EVANS, GLENN WILLIAMS,            )
CHARLES SCOTT, DON R. WILLIAMS,         )
FREDRICK PRUITT, TERRY WILLIAMS,        )
ANTHONY RICHARDSON, DERRICK             )
WILLIAMS, FRANK WILLIAMS, JOSEPH        )
MOORE, JOHN WILLIS, BARRY               )
JOHNSON, DAVE WILSON, KENTON            )
ZABRISKIE, MICHAEL WILSON, HENRY        )
ADAMS, JOHN F. KENNEDY, CHARLES         )
SIMON, JASON FRENCH, MICHAEL            )
COOPER, ERNEST WHITE, DEREK             )
WILLIAMS, GLEN SPRIGGS, ANTHONY         )
NUNEZ, CARLOS COLLIER, RONNIE           )
FLUELLEN, THADDEUS POLONCZYK            )
AND ROBERT WALKER,                      )
                                        )
                    Plaintiffs,         )
                                        )

| | |
|---|---|
| v. | ) |
| | ) |
| COMBE INCORPORATED; COMBE | ) |
| PRODUCTS, INC.; COMBE | ) |
| LABORATORIES, INC.; and | ) |
| COMBE INTERNATIONAL LTD | ) |
| | ) |
| Defendants | ) |

## NOTICE OF REMOVAL

Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International Ltd. (collectively "Defendants" or "Combe"), through its undersigned attorneys, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, to the United States District Court for the Southern District of Illinois from the Circuit Court of St. Clair County, Illinois where it was pending as No. 16-L-0272.  The above-captioned case is being removed pursuant to the "mass action" provision of the Class Action Fairness Act ("CAFA").  As grounds for removal, Combe states as follows:

## I.   PARTIES AND NATURE OF THE CASE

1.    This product liability action combines the claims of 163 Plaintiffs from numerous states alleging that they used Combe's Just for Men® hair dye products (herein collectively referred to as "Just For Men®") and allegedly suffered personal injury, namely, various skin reactions.  The 163 Plaintiffs each assert strict liability claims for manufacturing defect, design defect, inadequate warning, and nonconformance with representations, as well as claims for negligence and breach of express and implied warranties, and negligent representation and fraud.

2.    The same Plaintiffs' counsel has filed ten other carbon copy cases in St. Clair County against Combe, each joining well more than 100 Plaintiffs.  *See Johnnie Brim, et al. v. Combe Incorporated, et. al.*, Case No. 16-L-0018; *Renoldo Brownlee, et al. v. Combe*

*Incorporated, et. al.*, Case No. 16-L-0015; *Donivan Lasley, et al. v. Combe Incorporated, et. al.*, Case No. 16-L-0016; *Kendrick Lindsey, et al. v. Combe Incorporated, et al.,* Case No. 16-L-0017; *Demarco Martin, et al. v. Combe Incorporated, et al.*, Case No. 16-L-0014; *Christopher McCray, et al. v. Combe Incorporated, et al.*, Case No. 16-L-0117; *Sydney Shamburger, et al. v. Combe Incorporated, et al.*, Case No. 16-L-0118; *Henry Hairston, et al. v. Combe Incorporated, et al*, Case No. 16-L-0239; *Sylvester Washington, et al. v. Combe Incorporated, et al.*, Case No. 16-L-00240; *Pierre Sanders, et al. v. Combe Incorporated, et al.,* No. 16-L-0222.   Combe previously removed these cases to this Court.[1]

3.      Plaintiffs' counsel clearly contemplates mass litigation of these claims.   In St. Clair County alone, Plaintiffs' counsel filed claims for over 2500 individuals concerning Just for Men® products across numerous cases.   Although Combe believes these personal injury claims concerning the use of Just For Men® products should be tried individually, based on the complaints filed in state court, these cases belong in federal court as "mass actions" under CAFA.

## II.     THIS CASE IS REMOVABLE AS A "MASS ACTION" UNDER CAFA

4.      An action is a removable mass action where it meets the following requirements: (a) the monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that their claims involve common questions of law or fact; (b) the aggregate amount in controversy exceeds $5 million and the claims of the individual plaintiffs each exceed $75,000;

---

[1] In addition, Plaintiffs' counsel filed six cases in the Circuit Court for the City of St. Louis, Missouri.  *Robert Beene, et al. v. Combe Incorporated, et. al.*, Case No. 1622-CC00058; *Curtis Henderson, et al. v. Combe Incorporated, et. al.,* Case No. 1622-CC00054; *Stan Joseph, et al. v. Combe Incorporated, et. al.,* Case No. 1622-CC00060; *Antony Perkins, et al. v. Combe Incorporated, et. al.,* Case No. 1622-CC00061; *Rickey Shaver, et al. v. Combe Incorporated, et. al.,* Case No. 1622-CC00064; *Thurman Thomas, et al. v. Combe Incorporated, et. al.,* Case No. 1622-CC00056.  Each of those cases have approximately 20 Plaintiffs.

4

and (c) any plaintiff is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(11)(B)(i); 1332(a)(d)(2); and 1332(d)(2)(A); *see also Gilmore v. Bayer Corp.*, No. 09-986-GPM, 2009 WL 4789406 at *2 (S.D. Ill. Dec. 9, 2009).

5.      For reasons that follow, this action satisfies each of the jurisdictional requirements for removal of a mass action.

**A.      It is Proposed that the Claims of More than 100 Persons be Tried Jointly.**

6.      The mass action provision provides for federal jurisdiction where the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).

7.      Although each Plaintiff's claim will center on individual issues of reliance, product misuse, warnings causation, medical causation, and the like, Plaintiffs' identical allegations concerning product design and warnings meet the bare statutory standard of "involv[ing] common questions of law or fact" given that they each relate to Plaintiffs' use of Combe's Just for Men® hair dye products.[2]

8.      It is well established in the Seventh Circuit that where plaintiffs plead claims concerning a common alleged harm, that plaintiffs are necessarily proposing one joint trial for purposes of removal under CAFA.  *See e.g., Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008); *accord Koral v. Boeing Co.,* 628 F.3d 945, 947 (7th Cir. 2011).

9.      In *Bullard*, the court held that a complaint joining the claims of 144 plaintiffs for injury allegedly resulting from the design, manufacture, and use of chemicals in a wood-

---

[2] Combe in no way concedes any Rule 23 issue, in the event Plaintiffs' counsel seeks to pursue class treatment of alleged economic or other harms concerning use of Just for Men®.  CAFA's "common questions of law or fact" standard necessary for jurisdiction is wholly independent of Rule 23 considerations concerning the appropriateness of class treatment.

5

processing plant necessarily satisfied CAFA's "joint trial" requirement.  535 F.3d at 761.  The court rejected plaintiffs' argument that the case should be remanded because the complaint did not expressly allege the claims would be tried together.  *Id.* at 762.  The court affirmed the district court's determination that "one complaint implicitly proposes one trial."  *Id.*; *see also Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011) ("the proposal [for a joint trial] can be implicit, as where a single complaint joins more than 100 plaintiffs' claims without proposing a joint trial, for the assumption would be that a single trial was intended—one complaint, one trial, is the norm") (citation omitted); *Gilmore*, 2009 WL 4789406 at *3 (finding product liability claims against a drug manufacturer presented common questions sufficient to satisfy CAFA's mass action removal requirements).

10.     Accordingly, the "tried jointly" requirement is satisfied here because the Complaint contains the claims of 163 persons that involve some common questions of law or fact in that all Plaintiffs allege to have used the Just For Men® products.

**B.      The Amount in Controversy Requirement is Satisfied.**

11.      Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied.  *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i).[3]

---

[3]  Combe does not concede that Plaintiffs are in fact entitled to recover any damages.  *See e.g., Kelderman v. Remington Arms,* 734 F. Supp 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiffs' attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages" to establish jurisdiction).  Rather, Combe merely is stating that the "stakes" in this litigation exceed $75,000 individually and $5,000,000 in the aggregate.  *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) (defining CAFA's "amount in controversy" requirement as allowing "the removal of class actions in which the stakes exceed $5 million").

12.     First, the Complaint allegations facially demonstrate that the alleged amount in controversy for each individual exceeds $75,000, exclusive of interest and costs.  Each Plaintiff alleges "the amount in controversy exceeds $50,000, exclusive of interests and costs, the jurisdictional minimum of this Court."  (Compl. ¶11).[4]  Plaintiffs further allege that Just for Men®  products create a risk of "burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries."  (Compl. ¶ 37).  Plaintiffs specifically allege they "suffered a severe reaction to Just for Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, bruning, infection, intching, extreme pain, rash, stinging, and swelling."  (Compl. ¶¶ 107-433).

13.     Each Plaintiff also claims "severe physical injuries" including "substantial pain, suffering and embarrassment."  (Compl. ¶ 433).  Each Plaintiff claims that they "have incurred significant expenses for medical care and treatment, and will incur such expenses in the future." *Id.*  They also claim economic loss, and that they "have otherwise been physically, emotionally and economically injured."  *Id.*  Plaintiffs claim their "injuries and damages are permanent and will continue into the future."  *Id.*

14.     Given these allegations of serious personal injuries and that Plaintiffs expressly seek unlimited compensatory damages for their injuries, defendants have shown that more than $75,000 is in controversy and it is facially apparent from the complaints that the amount in controversy exceeds the jurisdictional minimum.  *See, e.g., Dart Cherokee Basin Operating Co.,*

---

[4]  Plaintiffs' demand for "in excess of" the Illinois courts' $50,000 jurisdictional limit does not limit Plaintiffs' damages to $50,000.  Under both Illinois and federal law, the prayer for relief on a complaint does not limit the relief available.  *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *see* 735 ILCS 5/2-604.

*LLC v. Owens,* 135 S. Ct. 547, 554 (U.S. 2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

15.     *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006) ("proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold') (citations omitted); *see also id.* at 541 ('Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a legal certainty . . . the claim is really for less than the jurisdictional amount.') (internal quotation omitted).

16.     In numerous personal injury and product liability actions with alleged injuries similar to or less severe than those alleged here, the Seventh Circuit and courts in this district circuit have found the jurisdictional minimum requirement met.  For example, in *Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510 (7th Cir. 2006), the Seventh Circuit held that the jurisdictional minimum was satisfied where the complaint alleged "severe and permanent" injuries to plaintiffs' head, ribs, and back and sought damages "in excess of $50,000" for lost earning potential, pain, and past and future medical expenses.  *See id.* at 514.[5]

17.     Where liability is established, product liability claims in Illinois state courts likewise typically result in substantially more than $75,000 verdicts.   *See e.g., Blue v. Envtl. Eng'g, Inc.,* 828 N.E.2d 1128, 1135 (Ill. 2005); *Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d

---

[5] *See also, e.g., Sargent v. Cassens Corp.,* No. 06-1042, 2007 WL 1673289, at *9-11 (S.D. Ill. June 7, 2007); *Hill v. Olin Corp.,* No. 07-0054, 2007 WL 1431865, at *3 (S.D. Ill. May 14, 2007); *Sandage v. Cottrell, Inc.,* No. 05-0720, 2006 WL 2710647, at *3 (S.D. Ill. Sept. 20, 2006); *Fields v. Jay Henges Enters., Inc.,* No. 06-323, 2006 WL 1875457, at *4-5 (S.D. Ill. June 30, 2006); *see generally McCoy v. Gen. Motors Corp.,* 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount") (collecting cases).

420, 439 (Ill. 2002); *Proctor v. Upjohn Co.,* 291 Ill. App. 3d 265, 268, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 787 (5th Dist. 1993).

18.     Second, CAFA provides for district court jurisdiction over a mass action where "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2); *see id.* § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *id.* § 1332(d)(11)(A) (applying § 1332(d)(2) to mass actions).  The aggregate amount of monetary relief sought by all of the Plaintiffs is well in excess of $5 million. As shown above, each Plaintiff has placed more than $75,000 in controversy, meaning that the 163 Plaintiffs seek more than $12.2 million in the aggregate—well over the $5 million statutory measure.  Thus, CAFA's $5 million threshold is plainly met.

### C.     The Minimal Diversity Requirement is Satisfied.

19.     Mass action removals require "minimal diversity" of citizenship, *i.e.* that at least one plaintiff is not a citizen of the same state as at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A); (d)(11)(A).   The minimal diversity requirement for mass action removal is satisfied.

20.     Combe Incorporated is, and at the time of the filing of this action was, a Delaware Corporation with its principal place of business in New York.

21.     Combe Products, Inc. is, and at the time of the filing of this action was, a Puerto Rico Corporation with its principal place of business in Puerto Rico.

22.     Combe Laboratories Inc. is, and at the time of the filing of this action was, an Illinois Corporation with its principal place of business in Illinois.

23.     Combe International, Ltd. is, and at the time of the filing of this action was, a Delaware Corporation with its principal place of business in New York.

24.     As set forth below, Plaintiffs are citizens of numerous states.   Accordingly, minimal diversity is easily established here.  For example, Rodney England is a citizen of Ohio, (Compl. ¶ 115), and none of the Combe defendants are citizens of Ohio.   Indeed, there is minimal diversity in this lawsuit.

25.     Michael Dwyer is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 107).

26.     Dan Tibbs is, and at the time of the filing of this action was, a citizen of New York. (Compl. at ¶ 109).

27.     Brathel McNeil is, and at the time of the filing of this action was, a citizen of New York. (Compl. at ¶ 111).

28.     Darrell Pulliam is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 113).

29.      Rodney England is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 115).

30.      Purvis Smallwood is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 117).

31.      Andre Flowers is, and at the time of the filing of this action was, a citizen of Michigan. (Compl. at ¶ 119).

32.      Ronald Boware is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 121).

33.     Louis Underwood is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 123).

34.     Leroy Moore is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 125).

35.     Vernon Jones is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 127).

36.     Alfred Crittenden is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 129).

37.     David Rodrigues is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 131).

38.     Alvin Bowling is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 133).

39.     Curtis Lark is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 135).

40.     David Cook is, and at the time of the filing of this action was, a citizen of Georgia. (Compl. at ¶ 137).

41.     Patrick Barris is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 139).

42.     Barry Maims is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 141).

43.     Ronald Moorer is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 143).

44.     Donald Randolph is, and at the time of the filing of this action was, a citizen of Nevada. (Compl. at ¶ 145).

45.     Anthony Williams is, and at the time of the filing of this action was, a citizen of Nevada. (Compl. at ¶ 147).

46.     Algernard Breaux is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 149).

47.     Mansion Clark is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 151).

48.     Stovar Majors is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 153).

49.     Michael Calloway is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 155).

50.     Ulysees Green is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 157).

51.     Jester Childs is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 159).

52.     Edward Dawson is, and at the time of the filing of this action was, a citizen of Georgia. (Compl. at ¶ 161).

53.     Rodney Kennedy is, and at the time of the filing of this action was, a citizen of Florida. (Compl. at ¶ 163).

54.     Andre Dudek is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 165).

55.     Alfie Manor is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 167).

56.     Earnest Jones is, and at the time of the filing of this action was, a citizen of Michigan. (Compl. at ¶ 169).

57.     Jerry Hildebrandt, Jr. is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 171).

58.     William Marion is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 173).

59.     Hubert McGee is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 175).

60.     Bernard Morgan is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 177).

61.     Phillip Agee is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 179).

62.     Michael Williams is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 181).

63.     Willie Drew is, and at the time of the filing of this action was, a citizen of Virginia. (Compl. at ¶ 183).

64.     James Anderson is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 185).

65.     Antonio Myers is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 187).

66.     William Moore is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 189).

67.     Alfred Blanton is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 191).

68.     Michael Rios is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 193).

69.     Christopher Condoll is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 195).

70.     Gary Johnson is, and at the time of the filing of this action was, a citizen of Oregon. (Compl. at ¶ 197).

71.     Ralph McNeil is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 199).

72.     Rome Bradford is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 201).

73.     Ronald Broyard is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 203).

74.     Elton Stine is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 205).

75.     Michael Livous is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 207).

76.     Jerry McCloud is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 209).

77.     Dennis Faulkner is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 211).

78.     Bobby Edwards is, and at the time of the filing of this action was, a citizen of Lousiana. (Compl. at ¶ 213).

79.     Anthony Garcia is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 215).

80.     John Kennedy is, and at the time of the filing of this action was, a citizen of Tenessee. (Compl. at ¶ 217).

81.     Patrick Sailas is, and at the time of the filing of this action was, a citizen of Colorado. (Compl. at ¶ 219).

82.     Peter Perez is, and at the time of the filing of this action was, a citizen of Oregan. (Compl. at ¶ 221).

83.     Vernon Montgomery is, and at the time of the filing of this action was, a citizen of Lousiana. (Compl. at ¶ 223).

84.     Timothy Hall is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 225).

85.     Darold Johnson is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 227).

86.     Raymond Williams is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 229).

87.     Ronald Simpson is, and at the time of the filing of this action was, a citizen of South Carolina. (Compl. at ¶ 231).

88.     Leroy Warren is, and at the time of the filing of this action was, a citizen of Florida. (Compl. at ¶ 233).

89.     William Simon is, and at the time of the filing of this action was, a citizen of Lousiana. (Compl. at ¶ 235).

90.     Jermaine Black is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 237).

91.     Aurelio Boutin is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 239).

92.     Jamie Coggins is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 241).

93.     Derrick Brown is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 243).

94.     Fidel Jones is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 245).

95.     Jerome Scott is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 247).

96.     Aldwynee Dyer is, and at the time of the filing of this action was, a citizen of South Carolina. (Compl. at ¶ 249).

97.     Delbert Tomlinson is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 251).

98.     Reginald Bowie is, and at the time of the filing of this action was, a citizen of Oregon. (Compl. at ¶ 253).

99.     Marvin Dillard is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 255).

100.     Earl Treadway is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 257).

101.     Emile Cline is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 259).

102.     Louis Daniels is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 261).

103.     Daniel Fonseca is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 263).

104.     Barry James is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 265).

105.     Robert White is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 267).

106.     Hezekiah Ladson is, and at the time of the filing of this action was, a citizen of South Carolina. (Compl. at ¶ 269).

107.     Willie Piece is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 271).

108.     Rodney Hawkins is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 273).

109.     Allen Kornegay is, and at the time of the filing of this action was, a citizen of Pennsylvania. (Compl. at ¶ 275).

110.    Arthur Golden is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 277).

111.    Earnest Jones is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 279).

112.    Louis Slores is, and at the time of the filing of this action was, a citizen of Arizona. (Compl. at ¶ 281).

113.    William Ellis is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 283).

114.    Ronald Penny is, and at the time of the filing of this action was, a citizen of Utah. (Compl. at ¶ 285).

115.    Rick Baker is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 287).

116.    Leon Jackson is, and at the time of the filing of this action was, a citizen of Lousiana. (Compl. at ¶ 289).

117.    Arthur Johnson is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 291).

118.    Charles Crayton is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 293).

119.    Tomur Barnes is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 295).

120.    Larry Hayden is, and at the time of the filing of this action was, a citizen of Indiana. (Compl. at ¶ 297).

121.    Ronald Hawkins is, and at the time of the filing of this action was, a citizen of Nevada. (Compl. at ¶ 299).

122.    Milton Smith is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 301).

123.    Steve Luttrell is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 303).

124.    John Wilson is, and at the time of the filing of this action was, a citizen of Indiana. (Compl. at ¶ 305).

125.    Reggie Wilson is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 307).

126.    Chris Harms is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 309).

127.    Louie Gonzales is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 311).

128.    Terence Avery is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 313).

129.    Gordon Wolford is, and at the time of the filing of this action was, a citizen of Michigan. (Compl. at ¶ 315).

130.    Robert Hackett is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 317).

131.    James H. Smith, Sr., is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 319).

132.    Amar Patel is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 321).

133.    Jeff Smith is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 323).

134.    Mark Maxson is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 325).

135.    Bruce Albright is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 327).

136.    Jobe Salter is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 329).

137.    Michael Scandrick is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 331).

138.    Robert L. Smith, Jr. is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 333).

139.    David Wilhite is, and at the time of the filing of this action was, a citizen of Oklahoma. (Compl. at ¶ 335).

140.    David Gipson is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 337).

141.    Manuel Gomez is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 339).

142.    Patrick Antee is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 341).

143.    Andy Adams is, and at the time of the filing of this action was, a citizen of New Mexico. (Compl. at ¶ 343).

144.    Larry Garner is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 345).

145.    Willie Crook is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 347).

146.    Jon Rogers is, and at the time of the filing of this action was, a citizen of North Carolina. (Compl. at ¶ 349).

147.    Leon Burroughs is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 351).

148.    Antonio Hinson is, and at the time of the filing of this action was, a citizen of Iowa. (Compl. at ¶ 353).

149.    Arnold Hannon is, and at the time of the filing of this action was, a citizen of Michigan. (Compl. at ¶ 355).

150.    Anthony Robinson is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 357).

151.    Harley Haynes is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 359).

152.    Corey McWhorter is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 361).

153.    Donald Wade is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 363).

154.    Joe Torrillo is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 365).

155.    Rodney Washington, is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 367).

156.    Robert White is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 369).

157.    David E. Williams is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 371).

158.    Dennis Wilkerson is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 373).

159.    Rodney Wilson is, and at the time of the filing of this action was, a citizen of Pennsylvania. (Compl. at ¶ 375).

160.    Leroy Evans is, and at the time of the filing of this action was, a citizen of Pennsylvania. (Compl. at ¶ 377).

161.    Glenn Williams is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 379).

162.    Charles Scott is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 381).

163.    Don R. Williams is, and at the time of the filing of this action was, a citizen of Texas. (Compl. at ¶ 383).

164.    Fredrick Pruitt is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 385).

165.    Terry Williams is, and at the time of the filing of this action was, a citizen of Ohio. (Compl. at ¶ 387).

166.    Anthony Richardson is, and at the time of the filing of this action was, a citizen of New Jersey. (Compl. at ¶ 389).

167.    Derrick Williams is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 391).

168.    Frank Williams is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 393).

169.    Joseph Moore is, and at the time of the filing of this action was, a citizen of New York. (Compl. at ¶ 395).

170.    John Willis is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 397).

171.    Barry Johnson is, and at the time of the filing of this action was, a citizen of Pennsylvania. (Compl. at ¶ 399).

172.    Dave Wilson is, and at the time of the filing of this action was, a citizen of Mississippi. (Compl. at ¶ 401).

173.    Kenton Zabriskie is, and at the time of the filing of this action was, a citizen of Idaho. (Compl. at ¶ 403).

174.    Michael Wilson is, and at the time of the filing of this action was, a citizen of Illinois. (Compl. at ¶ 405).

175.    Henry Adams is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 407).

176.    John F. Kennedy is, and at the time of the filing of this action was, a citizen of New York. (Compl. at ¶ 409).

177.    Charles Simon is, and at the time of the filing of this action was, a citizen of South Carolina. (Compl. at ¶ 411).

178.    Jason French is, and at the time of the filing of this action was, a citizen of Massachusetts. (Compl. at ¶ 413).

179.    Michael Cooper is, and at the time of the filing of this action was, a citizen of Alabama. (Compl. at ¶ 415).

180.    Ernest White is, and at the time of the filing of this action was, a citizen of Tennessee. (Compl. at ¶ 417).

181.    Derek Williams is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 419).

182.    Glen Spriggs is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 421).

183.    Anthony Nunez is, and at the time of the filing of this action was, a citizen of New York. (Compl. at ¶ 423).

184.    Carlos Collier is, and at the time of the filing of this action was, a citizen of Louisiana. (Compl. at ¶ 425).

185.    Ronnie Fluellen is, and at the time of the filing of this action was, a citizen of California. (Compl. at ¶ 427).

186.    Thaddeus (Ted) Polonczyk is, and at the time of the filing of this action was, a citizen of Kentucky. (Compl. at ¶ 429).

187.     Robert Walker is, and at the time of the filing of this action was, a citizen of New Mexico. (Compl. at ¶ 431).

188.     The forum defendant rule is not applicable to removal of mass actions. 28 U.S.C. § 1453(b).

## III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

189.     Combe timely filed this Notice of Removal within 30 days of service of the Complaint.  Combe was served on May 12, 2016.  Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

190.     The United States District Court for the Southern District of Illinois embraces St. Clair County, where the state court complaints were initially filed, and therefore removal to this Court is proper.  28 U.S.C. §§ 93(c), 1441(a).

191.     All process, pleadings, and orders served on Combe are attached as Exhibit A.

192.     Pursuant to 28 U.S.C. § 1446(d), Combe is serving copies of this Notice on plaintiffs' counsel and filing a copy of this Notice with the Clerk of the Circuit Court of St. Clair County, Illinois.

## IV.    NO CAFA EXCEPTION APPLIES.

193.     Because Combe has demonstrated that this Court has jurisdiction under CAFA, plaintiffs bear the burden to prove any exception to jurisdiction.  *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006) (holding plaintiff bears burden to establish to establish local controversy or other exceptions to CAFA jurisdiction).  No exception set forth in 28 U.S.C. § 1332(d)(11)(B)(ii) applies.

194.     First, Plaintiffs are citizens of states from across the country.  They do not contend that all of their alleged injuries occurred in Illinois or adjacent states.  *See* 28 U.S.C. §

1332(d)(11)(B)(ii)(I).   To the contrary, this nationwide mass action involves alleged injuries from across the country.

195.   Second, Plaintiffs joined their claims by filing one Complaint.  Defendants have not moved to join these claims.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(II).

196.   Third, the claims in this action are not alleged on behalf of the general public "pursuant to a State statute specifically authorizing such action." *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(III).

197.   Fourth, by filing one Complaint, Plaintiffs did not consolidate their claims only for pre-trial purposes.  *See supra* IIA.

198.   Finally, jurisdiction is mandatory under CAFA; not discretionary. Less than one third of plaintiffs are citizens of Illinois making the local controversy exception set forth in 28 U.S.C. § 1332(d)(4) inapplicable.

WHEREFORE, Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International, Ltd. ("Combe") respectfully remove this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

Respectfully submitted,

BRYAN CAVE LLP

By: */s/ Stephen G. Strauss*
    Dan H. Ball, IL #6192613
    Stephen G. Strauss, IL #6278807
    Stefan A. Mallen, IL # 6279262
    211 North Broadway, Suite 3600
    St. Louis, MO  63102-2750
    Telephone:  (314) 259-2000
    Facsimile:  (314) 259-2020
    dhball@bryancave.com
    sgstrauss@bryancave.com
    samallen@bryancave.com

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2016, a copy of the foregoing was served via U.S. mail, first-class postage prepaid, to the following counsel and filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record:

Kristine K. Kraft
SCHLICHTER, BOGARD & DENTON, LLP
100 South 4th Street, Suite 1200
St. Louis, MO 63102

Richard W. Schulte
WRIGHT & SCHULTE, LLC
865 S. Dixie Drive
Vandalia, Ohio 45377

*Attorneys for Plaintiffs*

                                                      */s/ Stephen G. Strauss*